# GALLOWAY v. GALLOWAY.

WILLS; CONVERSION.

1. No presumption that a testator intended to die intestate as to any part of his property is allowable when the words of his will may fairly carry the whole.

2. Where a testator, after making his will devising real estate, converts the real estate into money by a sale of it, the money becomes a part of his personal estate.

3. A testatrix, after devising to her daughter her house and lot,—which was all of the real estate she owned,—and bequeathing to her all of her household furniture, clothing, and personal effects absolutely, bequeathed $5 to each of her two sons, and named the daughter as executrix. At the time of making the will the testatrix had a small sum of money in bank. Before her death she sold the real estate, and after her death her daughter collected the purchase money as executrix. In a suit to construe the will, it was *held*, that the expression "personal effects" embraced all of the personal property owned by the testratrix at the time of her death, including money, and was broad enough to embrace all of the residue of the estate after payment of the specific sums bequeathed to the sons; and that the daughter was therefore entitled to all of the estate except the pecuniary legacies to the sons.

No. 1880. Submitted October 14, 1908. Decided November 4, 1908.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia sustaining a demurrer to and dismissing a bill in equity to construe a will.

*Reversed.*

The COURT in the opinion stated the facts as follows:

Appellant, Mary M. Galloway, in her own right and as executrix of the estate of Elizabeth C. Galloway, plaintiff below, filed a bill in equity in the supreme court of the District of Columbia praying the court to construe the terms of the last will and testament of Elizabeth C. Galloway, and to direct the way in which the property devised therein should be administered. The bill, in substance, alleges that, on the 24th day of August, 1906, Elizabeth C. Galloway, mother of the complainant and of the two defendants, died in the city of Washington, District of Columbia; that, at the time of her death, her sole heirs at law were complainant and the two defendants; and that the deceased died testate, having left a last will and testament of date the 13th day of June, 1904. Said will reads as follows:

"I, Elizabeth C. Galloway, of the City of Washington, District of Columbia, being of sound mind, memory and understanding, considering the certainty of death and the uncertainty of the time thereof, hereby make, publish and declare this, my last will and testament in manner and form following, that is to say:

"First. After the payment of all my just debts and funeral expenses, I give, devise and bequeath to my beloved daughter, Mary M. Galloway, house No. 3514 Thirteenth Street, Northwest, in the City of Washington, District of Columbia, together with the land upon which house is located and that adjacent to or in connection therewith which is owned by me, to said Mary M. Galloway, absolutely and in fee simple. I further give, devise and bequeath to said Mary M. Galloway, all of my household furniture, clothing and personal effects, absolutely.

"Second. I give, devise and bequeath to my sons, Thomas F. Galloway and S. Albert Galloway, the sum of five dollars ($5.00) each.

"And lastly, I do hereby constitute and appoint my said beloved daughter, Mary M. Galloway, to be executrix of this, my last will and testament, and I hereby revoke and annul all former wills by me made, ratifying and confirming this and none other to be my last will and testament."

This will was properly executed and witnessed by three disinterested witnesses. The bill further alleges that, after the death of the said deceased, the petitioner filed the said will for record in the probate court of the District of Columbia; that said will was admitted to probate and record as a will of both real and personal property, and letters testamentary were issued to plaintiff in accordance with the directions of said will. Plaintiff further alleges that, at the time of making the will, her mother's entire estate consisted of a house known as No. 3514 Thirteenth street, northwest, in the city of Washington, District of Columbia, together with the land upon which the house was located, and of a small sum of money in bank and the household furniture, clothing, and personal effects. It is further alleged that, just prior to her death, the deceased decided to sell the property, No. 3514 Thirteenth street, northwest, and did, in fact, dispose of the same a short time before her death and deposited the money derived therefrom, amounting to about $3,300, in the Union Trust Company, in the city of Washington, where the said funds were found after her death, and were subsequently turned over to the plaintiff as executrix. The plaintiff further alleges that, since she has obtained the probate of said will and received the fund referred to, she has been advised that the defendant, Thomas F. Galloway, is unwilling that the fund should be considered in lieu of the house from which it was derived, and insists that he, as the heir of his deceased mother, is entitled to one third thereof. Plaintiff further alleges that, under a proper construction of said will and the intention to be derived therefrom, she is entitled to receive said fund, after the payment of the legacies, expenses, and debts of said estate, as a residuary part of said estate.

To this bill, defendant S. Albert Galloway filed an answer admitting the allegations of the bill and relinquishing any claims that he might have under the will in favor of the plaintiff. Defendant Thomas F. Galloway demurred specially to the bill on two grounds, as follows:

"1. That the sale before her death of the real estate mentioned in the will of Elizabeth C. Galloway revokes the devise of said real estate.

"2. That, as said will contains no residuary clause, the proceeds derived from the sale of said real estate, after the payment of the specific legacies mentioned in said will, go to the next of kin of said Elizabeth C. Galloway."

On hearing, the court sustained the demurrer and dismissed the bill of complaint with costs, from which judgment this appeal was taken.

*Mr. Wilton J. Lambert* and *Mr. Rudolph H. Yeatman* for the appellant.

*Mr. Malcolm Hufty* and *Mr. Edmund Burke* for the appellee Thomas F. Galloway.

There was no appearance for the appellee S. Albert Galloway.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

There are two questions to be here answered from an interpretation of the terms of the will: Does this will contain a residuary clause, and, if so, what passed under it? These queries can be answered intelligently only after a careful examination of the terms of the will. It will be observed that the testatrix recognizes all her direct heirs in the will. She first expresses her wish as to her two sons by a direct specific bequest to each of the sum of $5. She then proceeds to devise the remainder of her estate to her daughter, her only remaining child. We think the manner in which the express limitation has been placed upon the amount which she wished to bequeath to each of her sons is inconsistent with any intention on her part that any portion of the balance of the estate should descend to the sons. The terms of the will are equally inconsistent with any intention on the part of the testatrix to leave any portion of her estate to descend under the intestate laws. It is the duty of the court, where it can with consistency, to accord with the general rule that "no presumption of an intent to die intestate as to any part of his property is allowable when the words of a testator's will may

fairly carry the whole." *Given* v. *Hilton,* 95 U. S. 591, 24 L. ed. 458. The law frowns upon a construction of a will that admits of a partial intestacy. In the case at bar, not only did the mother, by the terms of the will, specifically dispose of the interest of the two sons, but, after devising the real estate to the daughter, provided that the daughter should have all of her "household furniture, clothing, and personal effects, absolutely."

The provisions of the will did not become effective until the death of the testatrix. At that time she had converted the real estate into money, which was deposited in bank and afterwards turned over to this appellant as executrix. This money had become part of the personal estate. The demurrer admits the allegation of the bill that there was other money in bank, besides the proceeds of the sale of the real estate, which came into the hands of appellant as a part of the "personal effects" of the deceased. Hence, it would seem that the words "personal effects," in this instance, cannot be limited to the things *ejusdem generis* enumerated,—"household furniture and clothing." As the court said in the case of *Given* v. *Hilton,* supra: "It is doubtless true that, in the construction of wills, as well as of statutes, where certain things are enumerated, and a more general description is coupled with the enumeration, that description is commonly understood to cover only things *ejusdem generis* with the particular things mentioned. This is because it is presumed the testator had only things of that class in mind; but this rule of construction rests on a mere presumption, easily rebutted by anything that shows the larger subject was in fact in the testator's view." In the present case it is manifest that the testatrix had in mind not only the disposition of all her estate, but that she intended that the daughter should have any residue left after the payment of the debts, funeral expenses, and specific bequests to the two sons.

We find no difficulty in drawing this conclusion from the terms of the will and the admitted facts before us. It places an express limitation on the amount of the estate that should go to the two sons. There was money in bank at the time of the execution of the will, which was embraced within the term "per-

sonal effects," showing clearly that the testatrix had in mind more than was embraced in the preceding enumeration, "household furniture and clothing." We think the term "personal effects" was intended to and does embrace all the personal property owned by the testatrix at the date of her death, and is, therefore, broad enough to embrace all the residue of the estate, after the payment of the sums specifically provided for in the will.

The judgment is reversed, with costs, and cause remanded, with instructions to proceed in accordance with the views expressed herein.                                    *Reversed.*